**FILED**

AUG 1 5 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ARLENE WOOD, | ) |
| | ) |
| Defendant. | ) |

**4:18CR698 JAR/SPM**

## INDICTMENT

### THE GRAND JURY CHARGES:

### COUNTS 1 - 3
### WIRE FRAUD

A.   INTRODUCTION

At all times relevant to the Indictment:

1.      Loyet Landscape Management, Inc. ("Loyet") is a company in the business of providing commercial grounds maintenance, lawn management programs, landscape design, landscape/hardscape construction, and various other related services.   Loyet has its corporate offices located in St. Charles, Missouri.

2.      The defendant, **ARLENE WOOD** (hereinafter referred to as **"WOOD"**), was Loyet's Office Manager, working out of Loyet's corporate office.   **WOOD** was solely responsible for processing Loyet's employee payroll, as well as Loyet's accounts payable. **WOOD** had access to and authorization over the payroll records of Loyet, and was responsible for entering Loyet's payroll information into Loyet's contracted payroll processing system, operated initially by Paychex, and beginning in 2014 by Paycor.   Beginning in 2014, once **WOOD** entered Loyet's payroll information into the Paycor system, Paycor processed direct deposits to Loyet

employees, including **WOOD**.   **WOOD** entered Loyet's payroll information into the Paycor

system weekly.   Paycor has its corporate headquarters located in Lenexa, Kansas, and its internet

servers located in Lebanon, Ohio.   Defendant **WOOD** maintained a personal checking account

at Scott Credit Union in Edwardsville, Illinois.

B.   SCHEME TO DEFRAUD

3.   Beginning on or about January 1, 2011 and continuing through on or about

November 3, 2017, both dates being approximate and inclusive, in the Eastern District of Missouri

and elsewhere, defendant,

**ARLENE WOOD,**

devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money

from Loyet, in an approximate amount of $300,000, by means of materially false and fraudulent

pretenses, representations, and promises.

4.   It was a part of the scheme that, on one and more occasions, during and between

2011 and 2014, defendant **WOOD**, without the knowledge and authority of Loyet, inflated her

weekly payroll amount, created duplicate payroll information for herself, and issued herself funds

for the purported redemption of unused accrued annual vacation time, purported earned bonuses,

and purported expense reimbursements, and telephonically transmitted that false and fraudulent

information to PayChex, which then issued checks for those funds to defendant **WOOD** who

deposited those funds into her personal checking account at Scott Credit Union.

5.   It was a further part of the scheme that, on one and more occasions, beginning

during 2014, defendant **WOOD**, without the knowledge and authority of Loyet, inflated her

weekly payroll amount, and electronically transmitted that false and fraudulent information via the

2

internet to Paycor, which then electronically direct deposited those funds into **WOOD's** personal checking account at Scott Credit Union.    It was a further part of the scheme that, on one and more occasions, defendant **WOOD**, without the knowledge and authority of Loyet, created duplicate payroll information for herself, and electronically transmitted that false and fraudulent information via the internet to Paycor, which then direct deposited those funds into **WOOD's** personal checking account at Scott Credit Union.   Defendant **WOOD** inflated her payroll and/or issued herself duplicate payroll on approximately 190 occasions beginning during 2014 through Paycor.

6.     It was a further part of the scheme that, on one and more occasions, defendant **WOOD**, without the knowledge and authority of Loyet, issued herself funds for the purported redemption of unused accrued annual vacation time, and electronically transmitted that false and fraudulent information via the internet to Paycor, which then direct deposited those funds into **WOOD's** personal checking account at Scott Credit Union.   Further, as part of the scheme, on one and more occasions, **WOOD**, without the knowledge and authority of Loyet, issued herself purported earned bonuses and purported expense reimbursements, and electronically transmitted that false and fraudulent information via the internet to Paycor, which then direct deposited those funds into **WOOD's** personal checking account at Scott Credit Union.   Defendant **WOOD** submitted false and fraudulent information to Paycor concerning purported redemptions of unused accrued annual vacation time and purported earned bonuses and expenses on approximately 141 occasions beginning during 2014.

7.     As part of the scheme, and as a direct result of her false and fraudulent conduct and representations, defendant **WOOD** caused PayChex and Paycor to direct deposit approximately $300,000 into defendant's personal checking account at Scott Credit Union which defendant was

3

not legitimately entitled to.    These funds were used by defendant for personal expenses unrelated to the legitimate business of Loyet.

C.   THE WIRES

### COUNT ONE

8.      On or about November 3, 2017, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, and representations, the defendant,

### ARLENE WOOD,

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including payroll information that falsely advised Paycor that defendant was due the gross sum of $1,707.72 from Loyet for purported weekly pay, which false information was transmitted electronically via the internet from Loyet's offices in St. Charles, Missouri to Paycor's offices in Lenexa, Kansas via Paycor's internet servers located in Lebanon, Ohio.    As a result, net funds of $1,306.17 were electronically direct deposited by Paycor from its Regions Bank account in Birmingham, Alabama into defendant's Scott Credit Union account in Edwardsville, Illinois and used by defendant for her own personal use unrelated to the legitimate business of Loyet.

In violation of Title 18, United States Code, Section 1343.

### COUNT TWO

9.      On or about October 20, 2017, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, and representations, the defendant,

4

**ARLENE WOOD,**

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including payroll information that falsely advised Paycor that defendant was due the gross sum of $1,707.72 from Loyet for purported weekly pay, which false information was transmitted electronically via the internet from Loyet's offices in St. Charles, Missouri to Paycor's offices in Lenexa, Kansas via Paycor's internet servers located in Lebanon, Ohio.   As a result, net funds of $1,577.08 were electronically direct deposited by Paycor from its Regions Bank account in Birmingham, Alabama into defendant's Scott Credit Union account in Edwardsville, Illinois and used by defendant for her own personal use unrelated to the legitimate business of Loyet.

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

10.      On or about October 13, 2017, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, and representations, the defendant,

**ARLENE WOOD,**

did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, and signals, including payroll information that falsely advised Paycor that defendant was due the gross sum of $1,067.31 from Loyet for the purported redemption of unused accrued vacation time, which false information was transmitted electronically via the internet from Loyet's offices in St. Charles, Missouri to Paycor's offices in Lenexa, Kansas via Paycor's internet servers located in Lebanon, Ohio.   As a result, net funds of

5

$848.81 were electronically direct deposited by Paycor from its Regions Bank account in Birmingham, Alabama into defendant's Scott Credit Union account in Edwardsville, Illinois and used by defendant for her own personal use unrelated to the legitimate business of Loyet.

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL.

_____

FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____

HAL GOLDSMITH, #32984MO
Assistant United States Attorney